DNV Inv. P'ship, et. al. v. SGM Holdings, et. al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 30th day of November, two thousand sixteen.

Present:     DENNIS JACOBS
             ROSEMARY S. POOLER,
                     *Circuit Judges*,
             GEOFFREY W. CRAWFORD,[1]
                     *District Judge*.

_____

DNV INVESTMENT PARTNERSHIP, DALE MENARD,
S. EUGENE MATHIS, JR., AND KENNETH A. GREENSPUN,

                     *Plaintiffs-Appellants*,

            v.                                            16-1154

SGM HOLDINGS L.L.C., LAWRENCE FIELD,
PREMIER NATURAL RESOURCES LLC,
SYNDICATED GEO MANAGEMENT CORPORATION,
AND RICHARD FEATHERLY,

                     *Defendants-Cross-Claimants-Appellees*.

_____
Appearing for Appellant:     Richard L. Gaines, Knoxville, TN.

Appearing for Appellee:      Dan J. Schulman, The Schulman Law Firm LLP, New York, NY.

_____

[1] Judge Geoffrey W. Crawford, of the United States District Court for the District of Vermont, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Crotty, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED** in part and **VACATED** and **REMANDED** in part.

Plaintiffs, a group of individual investors in a limited partnership, appeal from the judgment of the United States District Court for the Southern District of New York (Crotty, *J.*) dismissing their claims for fraudulent misrepresentation, fraudulent concealment, fraud in the inducement, violation of the RICO statute, and conspiracy. We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review. We hold the district court erred in dismissing Plaintiffs' complaint for lack of standing, and therefore vacate and remand in part on that issue. We affirm in part, however, because the district court did not err in holding that Plaintiffs have failed to state a claim for violation of the RICO statute.

Metropolitan EIH13, LP ("Met13") was created as a vehicle for oil and gas investments. At the time Plaintiffs invested, Met13 was marketed as presenting a valuable opportunity for investors to fund and profit from a particular set of oil and gas investments. Met13 had no assets and conducted no business prior to being funded by investors. After Plaintiffs funded Met13, it made the oil and gas investments according to plan. The oil and gas assets turned out to be less valuable than anticipated, and Met13 suffered heavy losses.

Defendants are the entities that induced Met13 to invest in the particular oil and gas investments relevant to this case, along with some of their officers. According to the complaint (which we accept as true at the motion to dismiss stage), Defendants made knowingly false representations to fraudulently induce Plaintiffs to invest in Met13, including false allegations and omissions in the confidential disclosure memorandum ("CDM") about the proposed oil and gas investments.

The district court concluded that Plaintiffs lacked standing to bring this suit as their injuries were purely derivative of the injuries suffered by Met13, rather than direct injuries suffered by the partners themselves. It then dismissed all of Plaintiffs' claims. We vacate that ruling and remand for further consideration.

As the New York Court of Appeals explained in *Continental Casualty Co. v. PricewaterhouseCoopers, LLP*, 933 N.E.2d 738, 742 (N.Y. 2010), "plaintiffs, as limited partners of a partnership, may assert a direct claim for fraud in the inducement." In order to assert a direct claim, a limited partner must assert it suffered a direct injury at the time of investment separate and apart from the limited partner's share of the partnership loss. This type of injury, "sustained as a direct result of [a] fraud that induces [a plaintiff to make] an investment[,] is [calculated as] the difference between the value of the bargain which a plaintiff was induced by fraud to make and the amount or value of the consideration exacted as the price of the bargain." *Id.* (internal quotation marks and citation omitted). At the motion to dismiss stage, Plaintiffs need not allege the precise amount of the overvaluation, but must only plausibly allege that there was a distinct overvaluation of the opportunity presented by Met13 on the date of their investment due to

2

Defendants' identified allegedly fraudulent misstatements and omissions in the CDM. Accordingly, we vacate the district court's ruling that Plaintiffs lack standing. On remand, we instruct the district court to reconsider its ruling in light of the language in *Continental Casualty Co.* regarding direct claims for fraud in the inducement, and encourage the district court to more fully develop the factual record in this case if necessary.

We also hold, however, that the district court did not err in dismissing Plaintiffs' RICO claim. This Circuit has held that "the [Private Securities Litigation Reform Act of 1995's] RICO Amendment, 18 U.S.C. § 1964(c), bars a plaintiff from asserting a civil RICO claim premised upon predicate acts of securities fraud, including mail or wire fraud[.]" *MLSMK Inv. Co. v. JP Morgan Chase & Co.*, 651 F.3d 268, 280 (2d Cir. 2011). In their reply brief to this court, Plaintiffs state that *all* of the predicate acts alleged in support of their RICO claim consist of either wire fraud or mail fraud. These acts, even if assumed to be true, are insufficient as a matter of law to state a claim for a RICO violation following the PSLRA RICO Amendment. Accordingly, the ruling of the district court with respect to this claim only is affirmed.

For the foregoing reasons, and finding no merit in Plaintiffs' other arguments, the order of the district court hereby is AFFIRMED in part and VACATED and REMANDED in part for further proceedings consistent with this opinion.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3